ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
By stipulation of the parties, the Return to Remand consists of a certified transcript of the record and the evidence in the case in which appellant was acquitted. The parties request that such transcript be reviewed by this Court as if it were a part of the record in the instant case, which we have done.
We find that, although the identity of defendant was a seriously contested issue in the case in which he was acquitted and which forms a predicate for his double jeopardy claim, there was also the seriously contested issue whether defendant, or anyone else, had feloniously taken, the money (four cents) that was alleged in the indictment to have been taken from the person of Patricia H. Miller. She testified in pertinent part as follows:
“A We went to the counter. He told me to put my head on the counter.
“Q Did you do that?
“A Yes, sir.
“Q Did you lean over and put your head on the counter?
“A Yes, sir.
“Q Were you bleeding at this time?
“A Uh-huh.
“Q What did you do then?
“A I kept my head on the counter. He was saying — I couldn’t really tell what he was doing on the other side of the counter. I had my head down. He said, ‘Okay, let’s have all the money.’ I reached in my pocket and got my money out and laid it up on the counter.
“Q How much money did you have?
“A Four cents.
“Q Is this the four cents you received earlier?
“A Yes, sir.
“Q Did you have any other money?
“A Two pennies.
“A . You had six cents?
“A I was so busy getting it out of one, I forgot I had two in the other.
“Q What did you do after you laid the four cents on the counter?
“A I kept still. They were getting the money and stuff from behind the counter and all. I kept my head down on the counter until they told us whatever else to do.
“Q Who else was there, you said they were getting stuff from behind the counter, who were the other people there?
“A Lorial and Becky and two others were behind the counter.
“Q Two other men and Lorial and Becky?
“A Yes, sir.
“Q Did anyone else come in during this time?
“A Not during this time.
“Q What did you do after you laid your four cents on the counter, and your head was on the counter? What did you do then?
“A I stayed there. Then they wanted us all behind the counter. He put Lorial arid Becky on the counter behind the counter and took me around and grabbed me here, behind where my hair is, and went on around the counter.
“Q When you say he grabbed you, are you speaking of the Defendant, John L. White?
“A Yes, sir.”
There is no direct evidence that anyone took from the person of Patricia H. Miller any money, particularly the four cents al *249 leged in the indictment to have been taken from her, no evidence that the person whom she identified as defendant ever touched or moved in any way, or ever observed, the four cents she laid upon the counter. The circumstances seem to have presented a jury issue whether the money was taken from her person as charged in the indictment, but they do not force that conclusion. It, as well as the issue of identity, was a lively issue and a reasonably conceivable one, in the previous case. This is exemplified and vivified by the motion of defendant at the conclusion of the testimony for the State in the previous case as follows:
“MR. THOMPSON: At the conclusion of the State’s case, I’d like to make a oral motion that all of the evidence be suppressed and that a directed verdict be rendered in favor of the Defendant on the grounds that the corpus delicti has not been established. The major elements of robbery is taking and there is no testimony on that behalf from any of the State’s witnesses that this Defendant took anything. We would like to move for a directed verdict.
“THE COURT: Motion denied. Anything else?
“(No Answer).”
After full consideration of the Return to Remand, we are convinced that the principles stated in the opinion herein on original submission apply, that the trial of appellant for the robbery of Patricia H. Miller had not put him in jeopardy as to the crime charged in the instant case and that the judgment of the trial court should be affirmed.
AFFIRMED.
All the Judges concur.